# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LORD,<br><br>    Petitioner,<br><br>    v.<br><br>JERRY BROWN, Governor of State of California,<br><br>    Respondent. | Case No.  1:15-cv-01437-SKO  HC<br><br>**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION WITH LEAVE TO AMEND WITHIN 30 DAYS** |

Petitioner is a civil detainee of the State of California proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  A petitioner's failure to name a proper

1

respondent requires dismissal of his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir.), *cert. denied*, 398 U.S. 914 (1970).

In this case, Petitioner names Jerry Brown, Governor of State of California, as Respondent.  Governor Brown is not an appropriate respondent.  Petitioner is detained at Coalinga State Hospital, Coalinga, California.  The Acting Director of Coalinga State Hospital is Audrey King.  Because Director King is the state officer having custody of Petitioner in this case, Petitioner must name her as Respondent.

**II.    Conclusion and Order**

Accordingly, the Court hereby ORDERS:

1. The petition for writ of habeas corpus is DISMISSED with leave to amend for lack of jurisdiction.

2. The Clerk of Court shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within 30 days of service of this order, Petitioner shall file an amended petition naming the proper respondent.  Petitioner shall sign the petition under penalty of perjury.

4. If Petitioner fails to file an amended petition within 30 days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:    **September 28, 2015**                    **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE